**FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEO RUSS, D.D.S., | : |
| Plaintiff, | : |
| v. | :  **AMENDED OPINION** |
| | : |
| | :  Civ. No. 06-1308 (WHW) |
| UNUM LIFE INSURANCE COMPANY | : |
| and UNUMPROVIDENT CORPORATION, | : |
| Defendants. | : |

**Walls, Senior District Judge**

Plaintiff Leo Russ ("plaintiff") moves to remand this matter to the Superior Court of New Jersey, Bergen County, pursuant to 28 U.S.C. §1447(c). Plaintiff also requests an award of attorney's fees incurred as a result of removal, permitted by 28 U.S.C. §1447(c). This motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. Remand is granted and attorney's fees are denied.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff is a 59 year old former dentist and resident of Mahwah, Bergen County, New Jersey. Defendant Unum Life Insurance Company of America ("Unum Life Insurance") is a for-profit insurance company incorporated in Maine with its principal place of business in Portland, Maine. Defendant UnumProvident Corporation ("UnumProvident") was formed in July 1999 by the merger of Unum Corporation, a Maine-based insurer, with Provident Companies, Inc., a

1

FOR PUBLICATION

Delaware corporation with its principal place of business in Chattanooga, Tennessee.

UnumProvident administers all life insurance claims for Unum Life Insurance.  Plaintiff has filed

suit against Unum Life Insurance and UnumProvident (together, "defendants") to secure his

rights under certain disability insurance policies he has with defendants.

Plaintiff purchased two disability insurance policies on June 30, 1977, at the age of 30.[1]

(Compl. ¶8.)  Policies one and two each provide for payment to plaintiff of $1,250 per month

during any periods of disability.  (Id. ¶16;23.)  Plaintiff purchased a third policy on March 10,

1981, which provides a $1,000 monthly payment during any times of disability.[2]  (Id. ¶¶ 24;32.)

All three policies distinguish between disability caused by "sickness," and disability caused by

"accident."[3]  Under the policies, plaintiff would be compensated until the age of 65 for any

disability caused by "sickness" and for life if the disability is caused by "accident."  (Id.

¶¶12;14;19;21;28;30.)

Plaintiff was involved in a car accident on August 28, 1997.  He was rendered unable to

perform his occupational duties due to his injuries, and stopped working as a dentist on October

28, 1997.  (Id. ¶¶34;38.)  He underwent spinal surgery for his injuries on February 4, 1998.  (Id.

---

[1]        Policy # LUN203954 ("Policy One") and Policy # LUN203955 ("Policy Two").

[2]        Policy # LUN208870 ("Policy Three").

[3]        Defendant denies plaintiff's claims as written and would have the policies speak
        for themselves.  The statements of the policy as contained in the complaint will be
        considered definitive for the purposes of this motion because (i) the Court is not
        in possession of the policy, (ii) defendant does not deny the amount of money in
        question in each policy and (iii) any small differences would be immaterial for the
        Court's jurisdictional analysis.

**FOR PUBLICATION**

¶39.)

Plaintiff first filed for benefits on October 29, 1997, and defendants approved his claim by letter on March 26, 1998.  (Id. ¶¶40;44.)  Plaintiff was involved in a second car accident on August 22, 1998, and continued to submit proof of his disability.  (Id. ¶¶45-46.)  Defendants sent plaintiff a letter on September 30, 1999, notifying him that his claims were being paid under the "sickness" provisions of the policy, to which plaintiff objected in writing on October 15, 1999. (Id. ¶¶47-48.)  Defendants advised plaintiff that they would continue to review his file, but had not changed their position.  (Id. ¶¶49-54.)

Plaintiff filed a four-count complaint against defendants in the Superior Court of New Jersey, Bergen County, on November 4, 2005: Count one seeks a declaratory judgment, that the plaintiff's disability was caused by "accident" not "sickness," in order to ensure that he will continue to receive disability payments after he reaches the age of 65; count two seeks compensatory damages arising out of breach of contract for the defendant's refusal to pay disability benefits under the accident provisions of the policies; count three alleges a common law tort of bad faith for refusal to pay plaintiff under the accident clauses of the policies; and count four seeks compensatory and punitive damages for defendants' unfair claim practices. Plaintiff has continued to receive benefits under the policies but filed this suit for declaratory judgment, compensatory and punitive damages because his coverage, as interpreted by defendants, would stop when he reaches the 65 years of age.

Plaintiff's complaint did not state a specific amount of damages, as required by New

FOR PUBLICATION

Jersey Court Rule 4:5-2.[4]  Defendants then requested a statement of damages to which plaintiff did not respond.  (Ex. 2 to Def's Br. at 13.)  A judge in the Superior Court of New Jersey, Bergen County, requested letter memoranda from both sides in order to prepare for a case management conference.  In response, plaintiff submitted a letter memo on February 17, 2006, detailing expected witnesses and discovery requests, and stated the following under "Concise Demand and/or Offer to Resolve the Dispute":

> Plaintiff is entitled to the following monthly benefits from age 65 onward: $1,250 under [Policy #1], $1,250 under [Policy #2] and amount of $1,000 under [Policy #3] for a total annual benefit of $42,000 per year.  Based on an anticipated lifespan of 80.5 years, Dr. Russ demands benefits in the amount of $651,000, which does not include bad faith damages, punitive damages or attorney's fees.

(Pl's Letter Mem. ¶4.)

Defendants filed a notice of removal on March 20, 2006, pursuant to 28 U.S.C. §1441, alleging diversity jurisdiction and an amount in controversy in excess of $75,000.  Defendants cite plaintiff's demand of $651,000, exclusive of punitive damages or attorney's fees, as evidence that the amount in controversy exceeds $75,000.  (Notice of Removal ¶12.)  Plaintiff now moves to remand this matter to state court on the grounds that the amount in controversy does not exceed $75,000, and that the notice of removal was untimely filed under 28 U.S.C. §1446(b).

---

[4]     N.J. Ct. R. 4:5-2 states in pertinent part that:

> If unliquidated money damages are claimed in any court . . . a pleading shall demand damages generally without specifying the amount . . . . Upon service of a written request by another party, the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed, which statement shall not be filed except on court order.

**FOR PUBLICATION**

Plaintiff also seeks an award of attorney's fees and costs as permitted by 28 U.S.C. 1447(c).

I.     **Amount in Controversy**

     A.     <u>Standard</u>

On a motion to remand, the removing party bears the burden of establishing all of the elements of federal subject matter jurisdiction.  <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990).  Federal diversity jurisdiction exists when all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a).  The Third Circuit mandates that all doubts are to be resolved against removal.  <u>Boyer</u>, 913 F.2d at 111 (citing <u>Steel Valley Auth. v. Union Switch and Signal Div.</u>, 809 F.2d 1006 (3d Cir. 1987)).  This presumption is made so that the Congressional intent to restrict federal diversity jurisdiction is honored.  <u>Samuel-Bassett v. Kia Motors America</u>, 357 F.3d 392, 396 (3d Cir. 2004).

     B.     <u>Analysis</u>

Plaintiff first argues that this case should be remanded to State Court on the grounds that the amount in controversy does not exceed $75,000, as required by 28 U.S.C. §1332.[5] Specifically, he contends that only the withheld benefits that have accrued up to the date of commencement of the suit may be included in calculating the amount in controversy, not expected future benefits.  Moreover, plaintiff argues that defendants cannot prove that the alleged amount in controversy exceeds $75,000.  Defendants counter that they have established the

---

[5]     Complete diversity of citizenship is easily established and as such not contested by plaintiff.  Plaintiff is a citizen of New Jersey; defendant Unum Life Insurance is domiciled in Maine with its principal place of business in Portland, Maine. Defendant UnumProvident is a Delaware corporation with its principal place of business in Chattanooga, Tennessee.

**FOR PUBLICATION**

alleged amount in controversy exceeds $75,000.

In determining the amount in controversy, the District Court must first look to the complaint to assess the damages demanded by the plaintiff.  Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993); Corwin Jeep Sales & Serv., Inc. v. Am. Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986).  If the complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence.  Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 561 (D.N.J. 2000) (citing Angus, 989 F.2d at 145-46; Corwin Jeep, 670 F. Supp. at 596). The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  Angus, 989 F.2d at 146 (citations omitted).

Courts have differed on what burden of proof is required for a removing party to show that a claim satisfies the amount in controversy.  See Samuel-Bassett, 357 F.3d at 398 (clarifying when to use preponderance of evidence standard versus the legal certainty test).  However, the Court will refrain from determining which standard applies in this case because defendants have failed to show that the amount in controversy exceeds $75,000 under any of the standards.

       1.      Future Payments may not be Considered when Calculating the Amount in Controversy.

Defendants argue that the plaintiff's future benefits under the policy may be considered when calculating the amount in controversy.  However, with few exceptions, when calculating the amount in controversy, the District Court will only consider the amount of damages that have accrued up until the point at which the case was filed.  Hilley v. Mass. Mutual Life Ins. Co., 32 F.

6

FOR PUBLICATION

Supp. 2d 195, 195-96 (E.D. Pa. 1998) ("In determining whether litigation over a disability

insurance contract meets the jurisdictional threshold, courts have generally looked only to the

past payments allegedly due in determining the value of the claim or suit; i.e., only those

payments that are alleged to have been wrongfully withheld in the past are used to compute the

amount in controversy") (citing Gray v. Occidental Life Ins. Co. of Calif., 387 F.2d 935, 936 (3d

Cir. 1967) (per curiam) (limiting amount in controversy to payments that had accrued when

complaint was filed)).

    The courts have recognized one narrow exception to this rule:  "Where the validity of the

contract itself – rather than the meaning or application of any contractual language – is at issue,

the full value of the contract, including any future payments that may possibly become payable to

the insured, may be taken into account in computing the amount in controversy."  Hilley, 32 F.

Supp. 2d at 196 (citing Am. Franklin Life Ins. Co. v. Galati, 776 F. Supp. 1054, 1059 (E.D. Pa.

1991) ("When an action is brought to rescind an insurance contract, at issue is not merely the

insured's rights to benefits already received or claimed to be owed, but rather the insured's right

to coverage and benefits under any circumstances.  The value of that right, for the purpose of

determining the amount in controversy, cannot be restricted to the value of benefits accrued in

the past.")).  That exception is not applicable here.  In Galati, the insurance company initiated a

suit in federal court to recover back pay on an insurance policy under a claim of fraud, and also a

declaratory judgment to rescind the entire contract.  776 F. Supp. at 1058-59.  Defendant moved

to dismiss for lack of subject matter jurisdiction, arguing that plaintiff had failed to allege a

jurisdictional amount that satisfied the amount in controversy requirements.  Id. at 1058.  The

7

FOR PUBLICATION

Galati court took into account future benefits in calculating the amount in controversy because the validity of the entire policy was at issue.  Id.

In count one of the complaint in this case, plaintiff seeks a declaratory judgment that the benefits accrued under the three policies were caused by "accident" and not by "sickness."  This is a purely legal determination that has no bearing on the validity of the contract as a whole. Moreover, plaintiff continues to receive disability payments under the insurance policies.  Cf. Galati, 776 F. Supp. at 1059 (when the issue is not merely "*insured's right to benefits already received or claimed to be owed,*" but rather, the insured's right to "coverage and benefits under *any* circumstances," future payments may be taken into consideration in calculating the amount in controversy) (emphasis added).  Nor is the validity of the policies contested in counts two through four.  Accordingly, the Court may not consider future payments when calculating the amount in controversy.

Defendants argue that in cases in equity and where a plaintiff seeks declaratory or injunctive relief, the appropriate calculation is the value of the contract as a whole.  To this end defendants cite Pollack v. Trustmark Ins. Co., 367 F. Supp. 2d 293, 299 (E.D.N.Y. 2005) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)), where the court stated: "Looking to future payments to establish the amount in controversy might be appropriate in an action for equitable relief. 'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'"  Defendants, however, ignore the particulars of this case.  The object of this litigation is a declaration of plaintiff's rights in the future when he reaches the age of 65.  Right now,

FOR PUBLICATION

plaintiff is only 59.  Consequently, the value of his rights under the policy after he turns 65 is

only speculative and cannot be included in calculating the amount in controversy.  See Feliberty

v. Unumprovident Corp., 2003 WL 22991859, at *3, 2003 U.S. Dist LEXIS 22840, at *8-10

(N.D. Ill. Dec. 16, 2003) (where 63 year old plaintiff sought declaratory judgment of his rights

under disability insurance policy after he turned 65, District Court held that plaintiff had not

satisfied amount in controversy requirements as the future expected payments under the policy

were merely speculative; future payments cannot be included in amount in controversy unless

defendants repudiated contract or gave plaintiff some assurances he was entitled to damages).

    2.       There Has Been No Showing that any Present Damages Suffered by the Plaintiff
               Satisfies the Amount in Controversy Requirement

The Court is unable to determine what damages have accrued because under N.J. Ct. R.

4:5-2, the plaintiff is instructed to demand damages generally without specifying the amount.  As

a result, the Court is left to its own devices to determine the amount of damages that the plaintiff

seeks.  However, mere speculation that a claim will exceed the jurisdictional amount is not

enough to confer federal jurisdiction.  Flannery v. Cont'l Cas. Co., 2003 WL 21180724, at *5,

2003 U.S. Dist LEXIS 8493, at *13 (S.D. Ind. March 11, 2003).  Flannery is instructive as it

presents a factual and procedural scenario similar to this case.  The Flannery plaintiff sued in

state court claiming various contract and tort damages arising from an alleged breach of disability

insurance contract.  2003 WL 21180724, at *1; 2003 U.S. Dist LEXIS 8493, at *1   Plaintiff

claimed compensatory and punitive damages.  Id.  Like the New Jersey trial courts, Indiana trial

courts prohibited pleading a specific amount of damages.  2003 WL 21180724, at *2; 2003 U.S.

FOR PUBLICATION

Dist LEXIS 8493, at *4- 5; Indiana Trial Rule 8(A)(1)-(2).[6]  The <u>Flannery</u> defendant removed the

case to federal court and the plaintiff moved to remand.  2003 WL 21180724, at *1; 2003 U.S.

Dist LEXIS 8493, at *1.  The <u>Flannery</u> court noted the conflict between the Indiana trial court

rule and the ability of the District Court to assess the amount in controversy in removal cases.

2003 WL 21180724, at *2; 2003 U.S. Dist LEXIS 8493, at *6-7.  The defendant presented some

estimates about the possibility of compensatory and punitive damages being over $75,000.

However, because the defendant presented no solid evidence that the plaintiff claimed damages

over the jurisdictional amount, the Court remanded.  2003 WL 21180724, at *5-6; 2003 U.S.

Dist LEXIS 8493, at *15.

Here, the case for remand is even stronger.  Defendants have not presented evidence or

even alleged that claims two through four will lead to a verdict over the jurisdictional amount.

Defendants rely exclusively on the $651,000 settlement offer as grounds for establishing

jurisdiction.  (Notice of Removal ¶12.)  However, as already discussed with respect to future

payments, this settlement offer is not the proper amount to take into consideration in calculating

the amount in controversy.  Because it is the burden of the removing defendant to establish the

requisite amount in controversy and because all doubts must be resolved in favor of remand,

<u>Boyer</u>, 913 F.3d at 111, the court cannot take into account damages for counts two through four

when none have been alleged either in the complaint, the notice of remand, or any supplemental

evidence by the parties.

---

[6]     Indiana Trial Rule 8(A)(2) states, in pertinent part: "However, in any complaint
seeking damages for personal injury or death, or seeking punitive damages, no
dollar amount or figure shall be included in the demand."  (Burns Ind. Tr. 2006).

10

FOR PUBLICATION

Because the Court may not consider future payments when determining the amount in controversy, and because the defendants have failed to prove that the damages sought exceed the jurisdictional amount in controversy requirement, the Court will grant plaintiff's motion for remand to the Superior Court of New Jersey, Bergen County.[7]

**II.     Attorney's Fees**

      A.     <u>Standard</u>

Plaintiff has requested attorney's fees and costs in connection with this action.  28 U.S.C § 1447(c) requires the District Court to remand the case if it lacks subject matter jurisdiction. The statute continues: "An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c) (emphasis added).  The Supreme Court recently interpreted this statute as one granting broad discretion to the District Court.  <u>Martin v. Franklin Capital Corp.</u>, 126 S. Ct. 704 (2005); <u>see also</u> <u>Mints v. Educational Testing Serv.</u>, 99 F.3d 1253, 1261 (3d Cir. 1996) (reviewing District Court's award of attorney's fees under abuse of discretion standard and affirming when "there was no colorable basis for the removal.").  In <u>Martin</u>, the Supreme Court rejected any contention that the statute is skewed presumptively to either awarding or not awarding fees.  The Court stated the following standard: "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked any objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be

---

      [7]     Having determined that defendants have failed to prove that the amount in controversy exceeds $75,000, the Court will not address the plaintiff's second argument for remand concerning the timeliness of the notice of removal.

FOR PUBLICATION

denied." Id. 126 S. Ct. at 711.

      B.      Analysis

While this Court ultimately concludes that it lacks subject matter jurisdiction, the decision is not so obvious in light of plaintiff's $651,000 estimate.  Moreover, defendants have cited recent case law which suggests that in actions at equity, future payments may be included in calculating the amount in controversy, Pollock, 367 F. Supp. 2d at 299, although the Court finds that dicta inapplicable in this factual situation.  Because this Court finds that defendants did not lack "any objective reasonable basis" for seeking removal, plaintiff's motion for attorney's fees is denied.

CONCLUSION

Plaintiff's motion to remand is granted, and the Court orders that this case be remanded to the Superior Court of New Jersey, Bergen County, pursuant to 28 U.S.C. § 1447(c).  Plaintiff's motion for attorney's fees is denied.


                                         **s/ William H. Walls**
                                         United States Senior District Judge